UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY F. HARDIMAN, and
MARY V. HARDIMAN,

       Plaintiffs,

v.                       Case No.: 8:09-cv-2110-T-33AEP

JOHN MICHAEL STEVENS a/k/a
JOHN STEVENS d/b/a ALLSOUTH
SIGNS & LIGHTING,

       Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant John Stevens's Motion for Partial Summary Judgment as to Plaintiffs' Claim for Punitive Damages, which was filed on January 31, 2011. (Doc. # 30). Plaintiffs, Gregory and Mary Hardiman, filed a Response in Opposition to the motion on February 11, 2011. (Doc. # 31). For the reasons that follow, this Court denies the motion.

**I. Background**

On February 3, 2006, John Stevens (a resident of South Carolina) and Gregory Hardiman (a resident of Florida) were involved in a motor vehicle accident. Mr. Hardiman, a Pinellas County school bus driver was sitting in stopped traffic on U.S. Highway 19 when a white van driven by Mr. Stevens approached at a high rate of speed. (Doc. # 21-2 at ¶

2, 5).  Mr. Hardiman observed that the road was wet because it had been raining throughout the day.  Id. at ¶ 8.  According to Mr. Hardiman, Mr. Stevens did not try to stop until he was immediately approaching stopped vehicles on U.S. Highway 19. Id. at ¶ 6.  The van driven by Mr. Stevens struck a curb and then "became airborne."  Id. at ¶ 7.  The airborne van then struck the left side of the school bus "with such impact that the entire suspension (wheels, axles and springs) were entirely disengaged from the bus and the van proceeded to collide with other southbound vehicles." (Id.)

On October 16, 2009, Mr. Hardiman and his wife, Mary Hardiman, filed a three count complaint against Mr. Stevens and Liberty Mutual Fire Insurance Company. (Doc. # 1).

In count one, sounding in negligence, Mr. Hardiman sued Mr. Stevens for damages alleging: "As a result of the collision Gregory F. Hardiman suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of previously existing conditions." Id. at ¶ 5.  In count two, Mrs. Hardiman sued Mr. Stevens for damages flowing from the loss of consortium of her injured husband.

-2-

Id. at ¶ 7.  The Hardimans sued their insurer, Liberty Mutual Fire Insurance Company (a Massachusetts corporation) in count three, seeking uninsured motorist benefits.  Id. at ¶ 8-13.[1]

On November 17, 2010, the Hardimans filed a motion to amend the complaint to re-characterize Mr. Stevens's alleged negligence as "gross negligence" and to assert a demand for punitive damages. (Doc. # 21).  The Court granted the motion to amend on December 7, 2010 (Doc. # 26), and on December 10, 2010, the Hardimans filed their amended complaint. (Doc. # 27).

On January 31, 2011, Mr. Stevens filed the present motion for partial summary judgment as to the Hardimans' demand for punitive damages, which is ripe for the Court's review.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A factual dispute alone is not enough to

---

[1] The parties mediated on October 22, 2010, and a partial settlement was reached, which resulted in the dismissal, without prejudice, of Liberty Mutual Fire Insurance Company. (Doc. # 16).

defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).  If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment.  Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

However, if non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required.  Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

III. **Analysis**

   A.    **Summary of the Arguments**

Mr. Stevens asserts that "Florida law . . . does not allow for the recovery of punitive damages in actions based on a motor vehicle accident and conduct which rises, at best, to the level of simple negligence." (Doc. # 30 at ¶ 6).  Mr. Stevens

-5-

contends that Mr. Hardiman is not qualified to offer expert testimony and further argues, "even viewing the evidence in the light most favorable to the Plaintiff . . . the record does not support a claim for punitive damages, and the Defendant is entitled to partial summary judgment." Id. at ¶ 10.

The Hardimans, on the other hand, contend that "the record evidence establishes that Mr. Stevens's conduct constituted gross negligence as currently defined under Florida law and, as such, the issue should go to the jury and cannot be determined by way of Mr. Stevens's Motion for Partial Summary Judgment." (Doc. # 31 at 5).

B.   **Florida Law**

In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. Brown v. Nichols, 8 F.3d 770, 773 (11th Cir. 1993).

"Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment--not merely compensation--must be

imposed to prevent similar conduct in the future." <u>BDO Seidman, LLP v. Banco Espirito Santo Int'l</u>, 38 So.3d 874, 876 (Fla. 3d DCA 2010).  Time and time again, the Florida Supreme Court has held that "[p]unitive damages are appropriate when a defendant engages in conduct which is fraudulent, malicious, deliberately violent or oppressive, or committed with such gross negligence as to indicate a wanton disregard for the rights of others." <u>Owens-Corning Fiberglass Corp. v. Ballard</u> 749 So.2d 483, 486 (Fla. 1999); <u>W.R. Grace & Co. v. Waters</u>, 638 So.2d 502, 503 (Fla. 1994)(same).

This standard for the imposition of punitive damages was codified by the Florida Legislature in Florida Statute § 768.72(2), which allows punitive damages "only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence."  The Hardimans' amended complaint alleges that Mr. Stevens operated his vehicle with "gross negligence." (Doc. # 27 at ¶ 4).  Gross negligence is defined as conduct that is "so reckless or wanting in care that it constituted a conscience disregard or indifference to the life, safety, or rights of persons exposed to such conduct." Florida Statute § 768.72(2)(b).

-7-

At his deposition, Mr. Hardiman estimated Mr. Stevens was driving at a speed of "at least 50, 55" while "coming up on stopped traffic." (Doc. # 25 at 28-29).[2]  Furthermore, Mr. Hardiman testified that it rained intermittently that day approximately "[e]very 20 minutes." Id. at 28.   In his affidavit, Mr. Hardiman averred that Mr. Stevens was driving at "such a high rate of speed" that "a traffic accident was absolutely unavoidable." (Doc. # 21-2 at ¶ 5). In addition, "there was absolutely no indication that [Mr. Stevens] made any evasive action," including engaging the brakes, until "he turned the wheels on the van sharply to the left in an obvious effort to avoid colliding with the stopped vehicles immediately in front of the van." Id. at ¶ 6, 8.[3]

Drawing inferences from the evidence in the light most favorable to the Hardimans and resolving all doubts in their favor, this Court finds a that it would invade the province of

---

[2]  The record does not contain Mr. Stevens's deposition nor any evidence proffered by Mr. Stevens.

[3]  Contrary to Mr. Stevens's arguments, it is appropriate for Mr. Hardiman to opine as to the rate of speed of Mr. Stevens's car and the weather conditions on the date of the accident.  Rule 701, Fed.R.Evid., allows opinion testimony by lay witnesses that is "rationally based on the perception of the witness." See United States v. Carlock, 806 F.2d 535, 552 (5th Cir. 1996)(noting that one of the "common illustrations" of Rule 701 lay opinion testimony is "an expression of opinion by a lay observer of a car's speed.")

the jury to preclude the Hardimans from seeking punitive damages. The Florida Supreme Court noted in <u>Owens-Corning Fiberglass</u>, that the "decision whether to award punitive damages and the amount that should be awarded have traditionally been questions for the jury to determine." 749 So.2d at 486 (citations omitted).[4]

This Court determines that a genuine issue of material fact exists and therefore, summary judgment is not appropriate. An issue of material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson</u>, 477 U.S. at 248. A reasonable juror could find that driving at 50 miles per hour on wet roads while approaching stopped traffic and striking a school bus with such force as to separate such school bus from its axle amounts to gross negligence because the conduct was so "reckless or wanting in care that it constituted a conscience disregard or indifference to the life, safety, or rights" of others. Florida Statute § 768.72(2)(b). Accordingly, Mr. Stevens is

---

[4] Mr. Stevens's reliance on the holding in <u>Batts v. Crete Carrier Corp.</u>, Case No. 1:09-cv-328-TWT, 2009 U.S. Dist. LEXIS 129817, at *4 (N.D. Ga. Dec. 14, 2009) that "[i]n automobile collision cases, punitive damages may not be awarded where the driver at fault simply violated a rule of the road" is unavailing because the <u>Batts</u> case applies Georgia law, which is not applicable here.

not entitled to summary judgment on the issue of punitive damages.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant John Stevens's Motion for Partial Summary Judgment (Doc. # 30) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of April, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

-10-